# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Academy House Condominium Association, | : | |
| Appellant | : | |
| | : | No. 250 C.D. 2025 |
| v. | : | |
| | : | Submitted: June 16, 2026 |
| Brian S. Goldthorpe and Bruce E. Yelk | : | |

BEFORE:    HONORABLE LORI A. DUMAS, Judge
               HONORABLE STELLA M. TSAI, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION BY**
**JUDGE DUMAS**                                       **FILED: July 21, 2026**

Academy House Condominium Association (Association) has appealed from the order entered by the Philadelphia County Court of Common Pleas (Common Pleas) on November 5, 2024 (Decision), through which Common Pleas resolved the Association's foreclosure action against Brian S. Goldthorpe and Bruce E. Yelk (collectively, Owners). Upon review, we are constrained to vacate the judgment subsequently entered on May 26, 2026, vacate the orders entered by Common Pleas on January 8, 2025, which improperly dismissed for lack of jurisdiction the Association's motion for reconsideration and post-trial motion, quash the Association's appeal as premature, and remand this matter for further proceedings.

# I. BACKGROUND[1]

Academy House is a condominium building located at 1420 Locust Street in Philadelphia, Pennsylvania, which is managed and operated by the Association. Owners purchased Unit 8-M at Academy House on August 24, 2006, and have been embroiled in various disputes with the Association for the better part of the past decade. On December 10, 2019, the Association filed a civil action against Owners in Philadelphia Municipal Court, through which the Association sought "unpaid . . . [and] accelerated assessments through the end of 2020, legal fees, and costs." Common Pleas F.F., ¶ 24. A Philadelphia Municipal Court judge subsequently found in the Association's favor on February 28, 2020, and entered judgment against Owners in the amount of $12,000. Owners subsequently sent payments to the Association's bank account between March 6, 2020, and July 23, 2020, totaling $6,900.90. On July 24, 2020, the Association's attorney sent Yelk's realtor a letter, in which the attorney stated that the judgment against Owners would be satisfied upon payment of an additional $5,326.35. Yelk then paid the Association that amount on August 31, 2020.

On February 7, 2022, the Association filed a foreclosure action against Owners in Common Pleas. Thereafter, the Association continued to charge Owners for cable television service even after Owners had cancelled that service and assessed further fines against Owners for violating a no-dog policy. On July 8, 2024, the Association filed an Application for Attorney's Fees, through which it sought an additional $22,818.28 from Owners. Owners then filed a Motion for Fees and Costs

---

[1] We draw this section's substance largely from Common Pleas' Findings of Fact (F.F.) and Conclusions of Law (C.L.), as well as this matter's Common Pleas docket sheet. *See generally* Common Pleas F.F. and C.L., 11/5/2025; Docket Sheet.

on July 25, 2024, in which they requested an award of $18,682.80 to compensate them for defending themselves against the Association's claims.

Common Pleas held a two-day non-jury trial on April 16 and 17, 2024, after which both the Association and Owners submitted proposed findings of fact and conclusions of law. On November 5, 2024, Common Pleas issued its Decision, including findings of fact and conclusions of law, ultimately awarding the Association an aggregate amount of $7,082.43.[2] On November 15, 2024, the Association filed two motions. Although substantively the same, the Association filed one as a motion for reconsideration and the other as a post-trial motion (collectively, Motions).

On December 5, 2024, the Association appealed the Decision.[3] Thereafter, on January 8, 2025, Common Pleas denied both Motions for lack of jurisdiction pursuant to Pennsylvania Rule of Appellate Procedure 1701.[4]

---

[2] Common Pleas determined that the Association was the prevailing party regarding its claim that Owners had violated the no-dog policy, and awarded the Association a total of $22,005.50 in fines, costs, and attorneys' fees. However, Common Pleas also determined that Owners were the prevailing parties regarding the Association's claims regarding the remaining condominium assessments and fees it sought from Owners, and consequently awarded Owners a credit of $3,069.17 to compensate them for payments they had made towards the Association's improper assessments, as well as $11,853.90 in costs and attorney's fees. Subtracting the amount Common Pleas awarded to Owners from the amount it awarded to the Association results in a balance of $7,082.43 in the Association's favor.

[3] The Association filed its appeal with the Superior Court, which subsequently transferred it to our Court on jurisdictional grounds. *See* 42 Pa.C.S. § 762(a)(5) (Commonwealth Court has appellate jurisdiction over appeals from the Courts of Common Pleas that relate "to [the affairs of] corporations not-for-profit arising under Title 15 (relating to corporations and unincorporated associations) . . . or the affairs of [a Title 15 corporation's] members, security holders, directors, officers, employees or agents thereof, as such").

[4] Pennsylvania Rule of Appellate Procedure 1701(a) states that, generally speaking, "after an appeal is taken . . . , the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Thus, the default rule is that a trial court loses jurisdiction to make rulings once an appeal has been filed in the underlying matter. *Id.* This rule is subject to several exceptions. For example, **(Footnote continued on next page…)**

3

## II. DISCUSSION

The Association purports to challenge Common Pleas' evaluation of the evidence presented and its conclusion that Owners prevailed at trial. *See* Ass'n's Br. at 4-5. However, due to the procedural impropriety of this appeal, we decline to address the issues raised by the Association.

Pursuant to Pennsylvania Rule of Civil Procedure 227.1, a party must file post-trial motions in order to preserve claims that party may wish to raise on appeal. *Chalkey v. Roush*, 805 A.2d 491, 496 (Pa. 2002). In the case of a non-jury trial, the party must file a post-trial motion within 10 days of the filing of a decision. Pa.R.Civ.P. 227.1(c)(2). This requirement means that "a trial court's order at the conclusion of a [non-jury] trial . . . simply cannot become final for purposes of filing an appeal until the court decides any timely post-trial motions." *Chalkey*, 805 A.2d at 496 (citing Pa.R.Civ.P. 227.1(a)). Furthermore, "[u]nder our Appellate Rules, an appeal in a civil case in which post-trial motions are filed lies from the entry of judgment." *K.H. v. J.R.*, 826 A.2d 863, 871 (Pa. 2003) (citing Pa.R.A.P. 301(a), (c), (d), note).

In other words, a litigant cannot properly appeal following a non-jury trial until the trial court has disposed of any timely filed post-trial motions and judgment has subsequently been entered thereon.[5] *Wolk v. Sch. Dist. of Lower*

---

a trial court retains jurisdiction over a timely motion for reconsideration that the court expressly grants within the time prescribed for the filing of a notice of appeal. Pa.R.A.P. 1701(b)(3). Further, Rule 1701(b)(6) authorizes a trial court to "[p]roceed further in any matter in which a non-appealable interlocutory order has been entered, *notwithstanding the filing of a notice of appeal* or a petition for review of the order." *Id.* § 1701(b)(6) (emphasis added).

[5] Following an initial review, this Court observed that judgment had not been entered on Common Pleas' decision and directed the Association to praecipe Common Pleas for entry of judgment. *See* Order, 5/20/26. The Association timely complied. Resp. to Order, 6/15/26. *See Mitchell v. Milburn*, 199 A.3d 995, 999 n.2 (Pa. Cmwlth. 2018).

*Merion*, 197 A.3d 730, 735 (Pa. 2018) ("[I]t is the judgment [entered after the resolution of post-trial motions] that will constitute the appealable 'final order' in the case") (quoting *Thomas A. Robinson Family Ltd. P'ship v. Bioni*, 178 A.3d 839, 844 (Pa. Super. 2017)).[6]

In this instance, the Association appealed the Decision before Common Pleas had adjudicated the Association's post-trial motion and prior to the expiration of Common Pleas' jurisdiction over that motion.[7] *See* Pa.R.Civ.P. 227.4(1)(b) (allowing a party to enter judgment via praecipe in the event "one or more timely post-trial motions are filed and the [trial] court does not enter an order disposing of all motions within [120] days after the filing of the first motion"). This was procedurally improper, because "[Common Pleas'] work was incomplete when the [Association] appealed the non-jury decision[, as Common Pleas] still had jurisdiction to modify, vacate, or reverse its decision[ and] had not yet ruled on the motion for post-trial relief. As such, this case was not over." *Muir v. Heller* (Pa. Super., No. 733 MDA 2021, filed Apr. 26, 2022), slip op. at 5, 2022 WL 1223631,

---

[6] There are limited exceptions to this requirement, for instances where an appealed order is interlocutory *and* appealable by right, as well as where an appeal has been taken after a trial court has disposed of post-trial motions but before judgment has been entered thereon, or where a trial court fails to rule upon a post-trial motion in a timely fashion. *See Wolk*, 197 A.3d at 739; Pa.R.A.P. 311, 905(a)(5); Pa.R.Civ.P. 227.4(1)(b). We merely note this for completeness' sake, as these exceptions are not applicable to the situation that is present in this appeal.

[7] Per Pennsylvania Rule of Civil Procedure 227.1(a)(4), a litigant may seek post-trial relief that "affirm[s], modif[ies] or change[s] the [trial court's] decision[.]" Pa.R.Civ.P. 227.1(a)(4). In this instance, the Association's "Plaintiff's Motion for Partial Reconsideration" contains requests that Common Pleas rule in the Association's favor regarding its claims for condominium assessments and fees and award the Association attorney's fees and costs. *See* Ass'n's Mot. for Partial Reconsideration, ¶¶ 22-83. We will therefore construe the Association's "Plaintiff's Motion for Partial Reconsideration" as functionally amounting to a motion for post-trial relief, as these requests, if granted, would clearly modify and/or change Common Pleas' November 5, 2024 order. *See Linder v. City of Chester*, 78 A.3d 694, 699 (Pa. Cmwlth. 2013) ("[A] motion for reconsideration that serves the purposes of a motion for post-trial relief may be considered a motion for post-trial relief for purposes of Rule 227.1.").

at *2 (citing Pa.R.Civ.P. 227.1) (cleaned up).[8]  Accordingly, we lack jurisdiction over this appeal because it pertains to a non-appealable interlocutory order.[9]  *See Valley Gypsum Co. v. Pa. State Police*, 581 A.2d 707, 709 (Pa. Cmwlth. 1990) (*sua sponte* quashing appeal filed before trial court had ruled upon timely filed post-trial motion).

Even so, this conclusion does not mark the end of this matter, as we are persuaded by the Superior Court's handling of an analogous matter that there is a more appropriate course of action.  In *Melani v. Northwest Engineering*, the trial court conducted a non-jury trial and issued a decision in favor of the defendant.  909 A.2d 404, 404-05 (Pa. Super. 2006).  The Melanis timely filed a post-trial motion, but then appealed the decision to the Superior Court before the trial court had disposed of their motion, the expiration of the 120-day disposition window, and the entry of judgment.  *Id.* at 405.  The trial court subsequently issued an order, stating that the appeal had divested it of jurisdiction to rule upon the merits of their post-trial motion.  *Id.*

The Superior Court quashed the appeal, reasoning that the Melanis had prematurely challenged a non-appealable, interlocutory order.  *See id.* at 405-06.  However, the Superior Court also concluded that the trial court had erred in concluding that it lacked jurisdiction over the Melanis' post-trial motion because Pennsylvania Rule of Appellate Procedure 1701(b)(6) expressly allows trial courts to retain jurisdiction in the event such an order has been appealed.  *Id.* at 406 (citing

---

[8] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018); *see also* Pa.R.A.P. 126(b) (permitting citation to non-precedential decisions of the Superior Court filed after May 1, 2019).

[9] Jurisdictional issues "can be raised at any time by any party or even *sua sponte* by a court[.]" *Best Courier v. Dep't of Lab. & Indus.*, 220 A.3d 696, 703 n.8 (Pa. Cmwlth. 2019).

6

Pa.R.A.P. 1701(b)(6)). Accordingly, the Superior Court remanded the matter to the trial court with instructions to consider the Melanis' post-trial motion as filed *nunc pro tunc* on the date the certified record was remanded to the trial court and to then rule upon the motion's merits. *See id.* at 406, 406 n.6.

We agree with the Superior Court that, per Rule 1701(b)(6), a trial court does not lose jurisdiction over a matter merely because a party files an impermissible, interlocutory appeal. *See City of Phila. v. Galdo* (Pa. Cmwlth., Nos. 532 & 537 C.D. 2020, filed Dec. 13, 2021), slip op. at 11-15, 2021 WL 5872947, at *5-*7 (adopting the *Melani* analysis regarding a trial court's jurisdiction over post-trial motions after the improper appeal of an interlocutory order).[10] Rather, a trial court should essentially ignore the appeal and instead rule upon the merits of any timely filed motions for post-trial relief. *Doyle v. Muniz-Nieves*, 343 A.3d 361, 364 n.6 (Pa. Cmwlth. 2025). Accordingly, we conclude that the proper disposition is to vacate the orders entered by Common Pleas on January 8, 2025, and to remand this matter to Common Pleas with instructions to rule upon the merits of the Association's post-trial motion. *Valley Gypsum*, 581 A.2d at 709; *accord Melani*, 909 A.2d at 406 (remanding matter for disposition of post-trial motions where current appeal was procedurally improper, the post-trial motion was timely filed, and judgment had not yet been entered on the trial court's docket).[11]

---

[10] Per Section 414(a) of our Court's internal operating procedures, we may cite unreported decisions that were issued by this Court after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code § 69.414(a); *see also* Pa.R.A.P. 126(b) (permitting citation to non-precedential decisions of the Commonwealth Court filed after January 15, 2008).

[11] We note that our Court faced a similar situation in *Doyle*, but elected instead to address the merits of the appeal because "directing the trial court to address the merits at this stage would be a poor use of judicial resources[,]" since "the trial court's opinion defending its decision on appeal" made clear that "the trial court would not grant the post-trial relief Doyle was requesting even if it were to consider her motion on the merits[.]" 343 A.3d at 364 n.6. We conclude, however, that **(Footnote continued on next page…)**

7

## III. CONCLUSION

In accordance with the foregoing analysis, we vacate the judgment entered on May 26, 2026, vacate the orders entered by Common Pleas on January 8, 2025, quash the Association's appeal as premature, and remand this matter for further proceedings consistent with this opinion.[12]

_____
**LORI A. DUMAS, Judge**

---

*Doyle* is inapposite. First, in this matter, Common Pleas did not issue a post-appeal opinion that directly analyzed and addressed the merits of the Association's post-trial motion, but instead adopted by reference the findings of fact and conclusions of law contained in Common Pleas' November 5, 2024 order in lieu of an actual opinion. *See* Common Pleas Op., 1/27/2025, at 1. Second, *Doyle* does not establish a blanket rule that an appellate court can reach the merits of a premature or improper appeal simply because the trial court has implied or indicated in some fashion that it would not be amenable to granting an appellant's sought-after post-trial relief. As our Supreme Court has explained, "[t]he venerable purpose of the post-trial motion procedure is to permit the trial court to correct its own errors before appellate review is commenced." *Motorists Mut. Ins. Co. v. Pinkerton*, 830 A.2d 958, 964 (Pa. 2003) (citing Pa.R.Civ.P. 227.1). The purpose of this procedure, which facilitates "the orderly disposition of [such] motions" would be "frustrated" if a trial court could *post hoc* cure litigants' lack of compliance in such a manner. *Valley Gypsum*, 581 A.2d at 709.

[12] Our discussion has focused on Common Pleas' treatment of the post-trial motion. However, because these Motions are substantively identical, we have vacated both orders entered on January 8, 2025. Provided its reasoning is consistent with this opinion, Common Pleas may address whether these Motions are duplicative as appropriate.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Academy House Condominium  :
Association,       :
      Appellant :
          :  No. 250 C.D. 2025
      v.    :
          :
Brian S. Goldthorpe and Bruce E. Yelk :

# **O R D E R**

AND NOW, this 21st day of July, 2026, it is hereby ORDERED:

1. The judgment entered on May 26, 2026, is VACATED;

2. The orders entered by the Court of Common Pleas of Philadelphia County (Common Pleas) on January 8, 2025, which dismissed for lack of jurisdiction the Association's motion for reconsideration and post-trial motion, are VACATED;

3. The appeal filed by Academy House Condominium Association (Association) from the decision entered by Common Pleas on November 5, 2024, is QUASHED as premature; and

4. This matter is REMANDED to Common Pleas, with instructions to consider the post-trial motion as filed *nunc pro tunc* on the date that the Commonwealth Court remands this matter's certified record to Common Pleas, and timely rule upon its merits.

Jurisdiction relinquished.

               ——————————————
               **LORI A. DUMAS, Judge**